IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MY HEALTH, INC. AND<br>UNIVERSITY OF ROCHESTER,<br><br>    PLAINTIFFS,<br><br>v.<br><br>CARDIOCOM, LLC.<br><br>    DEFENDANT | CIVIL ACTION NO. 2:13-cv-136<br><br>JURY TRIAL DEMANDED |

## **DEFENDANT CARDIOCOM, LLC'S ANSWER**

Defendant Cardiocom, LLC ("Cardiocom"), for its Answer to the Complaint for Patent Infringement (Jury Trial Demanded), states and alleges as follows:

1. Cardiocom lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint, and therefore denies the same.

2. Cardiocom lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Complaint, and therefore denies the same.

3. Cardiocom lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 of the Complaint, and therefore denies the same.

4. Cardiocom admits the allegations of paragraph 4 of the Complaint, but denies that it is "doing business in this judicial district" to the extent that paragraph 4 contains an allegation of personal jurisdiction over Cardiocom.

5. Cardiocom lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 of the Complaint, and therefore denies the same.

6. Cardiocom lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6 of the Complaint, and therefore denies the same.

7. Cardiocom lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7 of the Complaint, and therefore denies the same.

8. Cardiocom lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8 of the Complaint, and therefore denies the same.

9. Cardiocom admits that it has not been explicitly granted a license or any other rights to the '985 patent, but otherwise denies the allegations of paragraph 9 of the Complaint.

10. Cardiocom denies the allegations of paragraph 10 of the Complaint.

11. Cardiocom admits that this action purports to be for patent infringement. Cardiocom denies the remaining allegations of paragraph 11 of the Complaint.

12. Cardiocom denies the allegations of paragraph 12 of the Complaint.

13. Cardiocom denies the allegations of paragraph 13 of the Complaint.

14. Cardiocom denies the allegations of paragraph 14 of the Complaint.

15. Cardiocom lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 of the Complaint, and therefore denies the same.

16. Cardiocom denies the allegations of paragraph 16 of the Complaint.

17. Cardiocom denies the allegations of paragraph 17 of the Complaint.

18. Cardiocom denies the allegations of paragraph 18 of the Complaint.

19. Cardiocom denies the allegations of paragraph 19 of the Complaint.

20. Cardiocom denies the allegations of paragraph 20 of the Complaint.

21. Cardiocom denies the allegations of paragraph 21 of the Complaint.

**DEFENSES AND AFFIRMATIVE DEFENSES**

In further answer to the Complaint and as separate defenses or affirmative defenses thereto, Cardiocom alleges as follows. By stating these defenses or affirmative defenses, Cardiocom does not assume the burden of proof of any defense or affirmative defense, except as required by law:

**FIRST DEFENSE OR AFFIRMATIVE DEFENSE**

1.  The claims of the U.S. Patent No. 6,612,985 ("the '985 Patent") are invalid for failure to satisfy the conditions of patentability in one or more sections of 101, 102, 103, and 112 of Title 35 of the United States Code.

**SECOND DEFENSE OR AFFIRMATIVE DEFENSE**

2.  Cardiocom has not infringed, is not now infringing, and has not contributorily infringed or induced infringement of any valid claims of the '985 Patent.

**THIRD DEFENSE OR AFFIRMATIVE DEFENSE**

3.  Plaintiffs fail to state a claim upon which relief may be granted.

**FOURTH DEFENSE OR AFFIRMATIVE DEFENSE**

4.  The Court lacks subject matter jurisdiction over Plaintiffs' Complaint.

**FIFTH DEFENSE OR AFFIRMATIVE DEFENSE**

5.  Cardiocom is immune from suit in whole or in part pursuant to 28 U.S.C. § 1498(a) at least to the extent Plaintiffs' Complaint purports to seek relief for Cardiocom's sales to the U.S. Department of Veterans Affairs.

**SEVENTH DEFENSE OR AFFIRMATIVE DEFENSE**

6.  Plaintiffs' damages, if any, are limited in whole, or in part, under the doctrine of laches.

**EIGHTH DEFENSE OR AFFIRMATIVE DEFENSE**

7. Plaintiffs' claims and/or damages, if any, are barred and/or limited in whole, or in part, under the doctrine of equitable estoppel.

### NINTH DEFENSE OR AFFIRMATIVE DEFENSE

8. Plaintiffs' claims and/or damages, if any, are barred and/or reduced in whole, or in part, under the doctrine of waiver.

### TENTH DEFENSE OR AFFIRMATIVE DEFENSE

9. Plaintiffs' claims and/or damages, if any, are barred and/or limited in whole, or in part, under the doctrine of acquiescence.

### ELEVENTH DEFENSE OR AFFIRMATIVE DEFENSE

10. Plaintiffs' damages, if any, are limited by 35 U.S.C. § 287.

### DEMAND FOR JURY TRIAL

Cardiocom LLC demands a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Cardiocom prays for judgment against Plaintiffs as follows:

A. That U.S. Patent No. 6,612,985 is invalid.

B. That U.S. Patent No. 6,612,985 is not infringed, contributorily infringed, or infringed through inducement by Cardiocom.

C. That some or all of Plaintiffs' claims and/or damages, if any, are barred and/or limited in whole, or in part, under the doctrines of laches, estoppel, waiver and/or acquiescence.

D. That judgment is entered in favor of Cardiocom and against Plaintiffs, and that Plaintiffs take nothing by their Complaint.

E. An order enjoining Plaintiffs, and those in active concert or participation with Plaintiffs who receive actual notice thereof, from in any way charging or threatening patent

infringement against Cardiocom or any of Cardiocom's current or prospective customers, dealers, licensees, agents, servants, or employees based on the patents-in-suit.

  F. An order awarding Cardiocom its reasonable costs and attorneys' fees, in accordance with 35 U.S.C. § 285.

DATE: April 15, 2013  /s/ Daniel W. McDonald by permission Wesley Hill
Daniel W. McDonald
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
(612) 336-4637 (telephone)
(612) 332-9081 (facsimile)
E-mail: DMcDonald@merchantgould.com

Wesley Hill
State Bar No. 24032294
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: wh@wsfirm.com

Attorneys for Defendant Cardiocom, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 15th day of April, 2013.

                          /s/ Wesley Hill
                          Wesley Hill