IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MY HEALTH, INC. AND UNIFORM OF ROCHESTER, <br><br>PLAINTIFFS, <br><br>v. <br><br>CARDIOCOM, LLC. <br><br>DEFENDANT | CIVIL ACTION NO. 2:13-cv-136 <br><br>JURY TRIAL DEMANDED |

**CARDIOCOM'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

Plaintiffs have failed to show that either of them have any operations or witnesses located within this District. Plaintiffs also ignore there are no material witnesses located in this district. Conversely, there are numerous party and third-party witnesses located within the District of Minnesota, dictating transfer. The Court should grant Cardiocom's Motion.

**I.    NEITHER PLAINTIFF PERFORMS BUSINESS OPERATIONS IN THE EASTERN DISTRICT OF TEXAS.**

Plaintiffs maintain no business operation in this district. The University of Rochester is located in Rochester, New York, and has no presence in this district. Plaintiffs contend My Health has its principal place of business in this District. (Doc. No. 61 at 11.) As Cardiocom explained in its opening brief, however, the Texas location was set up for litigation purposes. For example, My Health's website was registered using an address located in Palo Alto. (*Id.* at 3.) The face of My Health's website also listed Palo Alto as its business address, until that was changed for this lawsuit. (*Id.*) The website registrant, Michael E. Eiffert M.D., who is the CEO of My Health and inventor of the '985 patent, resides and practices medicine in Palo Alto,

California. (*Id.* at 2-3.) My Health's only other corporate Director, Vincent F. Aiello, lives in Carlsbad, California. (*Id.* at 4.)

Despite Cardiocom's showing that My Health's principal place of business is not in this District, My Health has done nothing to rebut the showing. My Health identifies no operations located here aside from the other litigations it is engaged in in this District. (Doc. No. 61 at 12.) My Health generally alleges, but offers no evidence demonstrating, that its employees do business in this district. Nor does it offer any evidence that it has any employees who either reside or do business here. (*Id.*)

Cardiocom's opening brief demonstrates that the real base of My Health's operations is in Northern California. The University of Rochester's operations are in the Western District of New York. There is no reason that this District is any more convenient for either of these Plaintiffs than the District of Minnesota. To the contrary, as detailed in Cardiocom's opening brief, travel to the District of Minnesota would be less burdensome for Plaintiffs' witnesses than travel to this District. The locations of the Plaintiffs thus weigh substantially in favor of transfer. Plaintiffs' choice of forum, on the other hand, is entitled to no weight. *In re Volkswagen of Am., Inc.*, 545 F.3d at 304, 314-15 (5th Cir. 2008) ("*Volkswagen II*").

II. **THE AVAILABILITY OF COMPULSORY PROCESS TO SECURE THE ATTENDANCE OF UNWILLING WITNESSES WEIGHS IN FAVOR OF TRANSFER.**

My Health contends the availability of compulsory process to secure the attendance of unwilling witnesses weighs in favor of this Court retaining jurisdiction. (Doc. No. 61 at 6-8.) My Health bases its argument in part on its allegations that Cardiocom identified no third-party witnesses within the subpoena power of the District of Minnesota. (*Id.* at 7.) My Health's contention is false. Cardiocom identified several third-party witnesses within the subpoena power of the District of Minnesota, including former Cardiocom employee Steve Dorfe, who

2

helped develop Cardiocom's products and resides in Maple Grove, Minnesota; Dr. Archelle Georgiou, former Chief Medical Officer for United Healthcare who has knowledge of Cardiocom's products as of the year 2000 and resides in Wayzata, Minnesota; and Kristin Ryan, who reviewed Cardiocom's products in 1999 and resides in Minnesota. (Doc. No. 17 at 11; Doc. No. 17-2 ¶ 11.) Cardiocom also identified two non-party witnesses who are much closer to the District of Minnesota than this District, namely Claire Call, who reviewed and purchased Cardiocom's products in 1999 or 2000 and resides near Springfield, Illinois, and Dr. Edward Kramper, who was hired by Cardiocom in 2000 and resides in McFarland, Wisconsin. The ability to compel the testimony of important Minnesota-based third-party witnesses in the District of Minnesota strongly supports transfer to that District.

My Health also points out that Cardiocom has a limited number of customers located within this judicial district. (*Id.* at 7.) Cardiocom does not deny that it has six customers located within this District, but Cardiocom has customers located in nearly every District within the United States. Indeed, Cardiocom has at least five customers located within the District of Minnesota or within the reach of the District of Minnesota's subpoena power. My Health's stated need for subpoenaing Cardiocom's customers is that such customers are "in the best position to testify to how [the accused] products operate and will be the best parties to explain, claim by claim, the infringement or defenses to infringement of the patent." (Doc. No. 61 at 7.) My Health provides no specific reason, however, that Cardiocom's customers located in this District are better suited to testify on these topics as opposed to Cardiocom's customers in the District of Minnesota or within the subpoena power of the District of Minnesota. My Health can get the same information from any of Cardiocom's customers in Minnesota, making this factor favor transfer.

My Health also asserts that the presence of a single Cardiocom employee, Kelly Reymann, within this District as a basis for denying Cardiocom's motion to transfer.  (Doc. No. 61 at 7-8.)  Despite securing several weeks to take venue-related discovery, My Health took no steps to depose Ms. Reymann.  If it were truly important for Plaintiffs to have the presence of an employee with knowledge of the facts relating to the operation of the products in suit, those employees are in Minnesota.

Plaintiffs' failure to show that Cardiocom's customers located in this District have any particular knowledge to the relevant facts in this case shows that transfer is appropriate, particularly based on the customers located in Minnesota. Conversely, based on the number of unique third-party Minnesota witnesses shown to have relevant information regarding the functioning of the accused products and other relevant witnesses who are much closer to the District of Minnesota, Minnesota is clearly a more convenient forum.  The ability of the District of Minnesota to compel the testimony of third-party witnesses potentially vital to this case weighs substantially in favor of granting Cardiocom's motion to transfer.

### III. MY HEALTH'S ALLEGED PREFERENCE FOR A SPEEDY RESOLUTION TO THIS MATTER DOES NOT WEIGH IN FAVOR OF DENYING CARDIOCOM'S MOTION.

My Health cites as one rationale for this Court maintaining jurisdiction the alleged fact that doing so will result in a speedy adjudication of this lawsuit on its merits.  This argument is not supported by My Health's behavior in litigation.  After Cardiocom filed its motion to transfer, My Health requested jurisdictional discovery.  (Doc. No. 21.)  The Court granted that request on May 21, 2013.  (Doc. No. 23.)  In contradiction to My Health's stated desire for a prompt resolution of this matter, it waited until September 11, 2013, to formally serve its jurisdictional discovery requests and confirm a response date with Cardiocom.  Moreover, just last week Plaintiffs supplemented their infringement contentions, which previously provided

4

only cursory support for allegations as to the one claim of the patent.  In short, My Health has done nothing to expedite these proceedings.

My Health also cites the pendency of other cases it has filed as allegedly demonstrating this District will handle this case most efficiently.  Those cases, like this one, are not advanced.  Further, a transfer motion is pending in at least one of those cases and the defendant, Click4Care, agreed to transfer to Minnesota.  The assertion that there are other cases in this district does not demonstrate the cases will proceed more expeditiously here than in Minnesota.

## IV. CONCLUSION

Plaintiffs forum shopped for this venue, based on allegations of the presence in this district that Plaintiffs simply cannot back up with evidence.  For the reasons set forth above, as well as those set forth in Cardiocom's opening brief (Doc. No. 17), Cardiocom respectfully requests that the Court grant its motion and transfer this case to the District of Minnesota.

Dated:  December 10, 2013            */s/ William D. Schultz by permission Wes Hill*
                                     Daniel W. McDonald
                                     William D. Schultz
                                     Eric R. Chad
                                     Merchant & Gould P.C.
                                     3200 IDS Center
                                     80 South Eighth Street
                                     Minneapolis, MN 55402
                                     Tel:  (612) 332-5300
                                     Fax:  (612) 332-9081

                                     Eric R. Chad
                                     Merchant & Gould - Minneapolis
                                     80 S Eighth St
                                     3200 IDS Center
                                     Minneapolis, MN 55402-2215
                                     Phone: 612-332-5300
                                     Fax: 612-332-9081
                                     Email: echad@merchantgould.com

        Peter A. Gergely
Merchant & Gould - Denver
1050 17th St
Suite 1400
Denver, CO 80265
Phone: 303.357.1670
Fax: 303.357.1671
Email: pgergely@merchantgould.com

Jack Wesley Hill
Ward & Smith Law Firm
PO Box 1231
1127 Judson Road
Suite 220
Longview, TX 75606
903-757-6400
Fax: 903-757-2323
Email: wh@wsfirm.com

*Attorneys for Defendant Cardiocom LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 10th day of December, 2013.

        /s/ Wesley Hill